UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| In re JAMES L. DALEY, JR.<br>      Debtor,<br>_____<br><br>JAMES L. DALEY, JR.,<br>      Appellant,<br><br>V.<br><br>ANN MOSTOLLER, TRUSTEE,<br>      Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 3:11-CV-565<br>)   (VARLAN/SHIRLEY)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge referring this appeal to the undersigned for report and recommendation. The parties present a variety of issues to the Court, but the question at the heart of this appeal is whether the Bankruptcy Court erred when it held that an individual retirement account ("IRA") held by John Daley, Jr., a Chapter 7 debtor, was not exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522(b)(3)(C) and/or Tennessee Code Annotated § 26-2-105(b).

This appeal is fully briefed, and the issues presented are ripe for adjudication. For the reasons more fully set for below, the undersigned will **RECOMMEND** that the decision of the Honorable Richard Stair, Jr., United States Bankruptcy Judge, be **AFFIRMED**.

## I. STANDARD OF REVIEW

"On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The Court, in reviewing an appeal from the Bankruptcy Court must uphold the findings of fact made by the Bankruptcy Court unless those findings are clearly erroneous. Id. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing Court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United State vs. United States Gypsum Co., 333 U.S. 364 (1948).

The conclusions of law by the Bankruptcy Court are reviewed *de novo* on appeal. In re Johnston, 209 F. 3d 611, 612 (6th Cir. 2000).

## II. FINDINGS OF FACT

Neither party objects to the Bankruptcy Court's findings of fact. The undersigned has no basis on which to find that these findings of fact were clearly erroneous. The Court will adopt the Bankruptcy Court's findings of fact, which are as follows:

> The Debtor filed the Voluntary Petition commencing his bankruptcy case under Chapter 7 on August 25, 2010. At that time, he held an interest in a Merrill Lynch IRA, account number [xxxx]4488, which he valued in his Schedule B at $61,646.00 and which he claimed exempt on his Schedule C, as amended on June 14, 2011. In establishing the Merrill Lynch IRA, the Debtor executed a Merrill Lynch Client Relationship Agreement on May 16, 2008, completing the section of the Client Relationship Agreement entitled "For SEP/Simple Account Only" and designating the Account Type as a rollover. Per a determination letter from the Internal Revenue Service dated September 23, 2003, the Merrill Lynch IRA "satisfies the requirements of Code section 408[.]"

> The Merrill Lynch IRA is the only account applied for by the Debtor on May 16, 2008, and is the only account that he holds with Merrill Lynch. The Debtor did not fill out the section of the Client Relationship Agreement entitled "Accounts: CMA, Beyond Banking, CMA SubAccount, or IIA" and did not check any of the "Decline Margin Lending" boxes included within the Accounts section of the Merrill Lynch Client Relationship Agreement. Similarly, he did not complete the section entitled "UTMA or UGMA." The Debtor has never borrowed any funds from the Merrill Lynch IRA, which is self-directed, nor has he ever requested advancement of a margin loan against his funds.

[Doc. 1-20 at 3-4 (internal citations removed)].

## III. BANKRUPTCY COURT'S DECISION

The Debtor/Appellant James Daley, Jr., filed a petition under Chapter 7 of the Bankruptcy Code on August 25, 2010. Pursuant to 11 U.S.C. § 541, Mr. Daley's bankruptcy estate, which includes all property and interests in property owned by him, was created upon filing of the petition. Mr. Daley made a listing of exempted property including a "Merrill Lynch IRA Account," claiming an exemption under Tennessee Code Annotated § 26-2-105 and 11 U.S.C. § 522(b)(3)(C) in the amount of $61,646.00.

Tennessee Code Annotated § 26-2-105(b) provides that "any funds or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under § . . . 408 . . . are exempt from any and all claims of creditors of the participant or beneficiary, except the state of Tennessee[,]" and 11 U.S.C. § 522(b)(3)(C) exempts "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section . . . 408 . . . of the Internal Revenue Code of 1986."

Section 522 of Title 11 of the United States Code further provides:

> (A) If the retirement funds are in a retirement fund that has received a favorable determination under section 7805 of the

3

> Internal Revenue Code of 1986, and that determination is in effect as of the date of the filing of the petition in a case under this title, those funds shall be presumed to be exempt from the estate.
>
> (B) If the retirement funds are in a retirement fund that has not received a favorable determination under such section 7805, those funds are exempt from the estate if the debtor demonstrates that--
>
> (i) no prior determination to the contrary has been made by a court or the Internal Revenue Service; and
>
> (ii)(I) the retirement fund is in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986; or
>
> (II) the retirement fund fails to be in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986 and the debtor is not materially responsible for that failure.

11 U.S.C.A. § 522(b)(4).

Under both Tennessee Code Annotated § 26-2-105 and 11 U.S.C. § 522(b)(3)(C), the retirement plan must be qualified under 26 U.S.C. § 408 in order to be exempt from the bankruptcy estate. Section 408 provides, "If, during any taxable year of the individual for whose benefit any individual retirement account is established, that individual or his beneficiary engages in any transaction prohibited by section 4975 with respect to such account, such account ceases to be an individual retirement account as of the first day of such taxable year." 26 U.S.C. § 408(e)(1).

Title 26, Section 4975(c) of the United States Code defines the term "prohibited transaction" to include "lending of money or other extension of credit between a plan and a disqualified person . . . ." 26 U.S.C. § 4975(c)(1)(B). The Bankruptcy Court found that Mr. Daley was a "disqualified person" because he exercised discretionary authority over the IRA at issue. [Doc. 1-20 at 10]. The Bankruptcy Court further found that the IRA owned by Mr. Daley was subject to a lien by Merrill Lynch pursuant to Section 3 of the Terms and Conditions of the

4

Merrill Lynch Client Relationship Agreement, entitled "Liens," which provides that "[a]ll of [the account holder's] securities and other property in any account . . . shall be subject to a lien for the discharge of any and all indebtedness or any other obligations [the account holder] may have to Merrill Lynch." [Doc. 1-13 at 11]. Because the IRA was subject to a lien, Mr. Daley had engaged in a prohibited transaction under 26 U.S.C. § 4975. [Doc. 1-20 at 13].

The Bankruptcy Court explained, "As incongruous as it appears, based upon the language of the Client Relationship Agreement signed by the Debtor, the mere opening of the Merrill Lynch IRA caused the Debtor to participate in a prohibited transaction under § 4975." [Doc. 1-20 at 13]. Because Mr. Daley had participated in a prohibited transaction through executing the Client Relationship Agreement, the IRA was not a qualified account under § 408, and therefore, the Bankruptcy Court found that Mr. Daley was not entitled to an exemption under Tennessee Code Annotated § 26-2-105 and 11 U.S.C. § 522(b)(3)(C).

The Bankruptcy Court acknowledged that the Internal Revenue Service had issued Merrill Lynch a favorable determination letter under § 7805 of the Internal Revenue Code relating to the Merrill Lynch IRA plan used by Mr. Daley. [See Doc. 1-13 at 43]. This determination letter created a presumption that the funds in the Merrill Lynch IRA are exempt. [Doc. 1-20 at 8-9 (citing In re Willis, 2009 WL 2424548, at *7 (Bankr. S.D. Fla Aug. 6, 2009))]. The Bankruptcy Court found that the Bankruptcy Trustee – the Appellee in this matter – had "offered proof sufficient to rebut the presumption set forth in § 522(b)(4)(A) afforded by the favorable determination." [Doc. 1-20 at 16].

5

Case 3:11-cv-00565   Document 8   Filed 08/08/12   Page 5 of 13   PageID #: 352

Finally, the Bankruptcy Court considered the safe harbor provision of 11 U.S.C. § 522(b)(4)(B). Section 522(b)(4)(B) provides:

> (B) If the retirement funds are in a retirement fund that has not received a favorable determination under such section 7805, those funds are exempt from the estate if the debtor demonstrates that--
>
> (i) no prior determination to the contrary has been made by a court or the Internal Revenue Service; and
>
> (ii)(I) the retirement fund is in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986; or
>
> (II) the retirement fund fails to be in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986 and the debtor is not materially responsible for that failure.

11 U.S.C.A. § 522(b)(4)(B). The Bankruptcy Court found that Section 522(b)(4)(B) could not benefit Mr. Daley, because the IRA at issue in this case had received a favorable determination under the Internal Revenue Code, [see Doc. 1-13 at 43], and Section 522(b)(4)(B) applies only to "retirement funds [] in a retirement fund that has not received a favorable determination under . . . section 7805."

## IV. ANALYSIS

Mr. Daley presents five issues on appeal. The Court will address each issue in turn.

### A. Did the Bankruptcy Court Err in Holding that Mr. Daley Pledged as Security the Merrill Lynch IRA Account Pursuant to the Client Relationship Agreement?

Mr. Daley argues that the Bankruptcy Court erred in finding that he pledged the IRA as security. Mr. Daley argues that the Disclosure and Custodial Agreement [Doc. 1-13 at 42], provided to Mr. Daley by Merrill Lynch governed the IRA and Mr. Daley's relationship with Merrill Lynch. He contends that the Disclosure and Custodial Agreement does not contain any prohibited transactions. Mr. Daley maintains that the Bankruptcy Court erred in relying on the

6

Client Relationship Agreement rather than the Disclosure and Custodial Agreement when considering the proposed exemption.

The Trustee responds that it is quite possible that Mr. Daley did not see the Disclosure and Custodial Agreement when he opened the IRA account, and the Trustee maintains that the statements in the Disclosure and Custodial Agreement cannot undermine the effect of the Client Relationship Agreement, which was actually signed by Mr. Daley.

The Court finds that the Bankruptcy Court did not err in this regard. The Court has examined the Disclosure and Custodial Agreement and finds that it is more lengthy and specific than the Client Relationship Agreement. Mr. Daley, however, specifically endorsed the Client Relationship Agreement. This acknowledgment of the terms and conditions of the parties' relationship, through his signature, indicates that this document was meant to govern the parties' relationship.

Mr. Daley argues that the Disclosure and Custodial Agreement should be credited because it contains more specific information about the IRA than the Client Relationship Agreement, but the Client Relationship Agreement instructed Mr. Daley "[w]hen you [agree] to the terms of this agreement, you are agreeing that its terms apply to all your accounts [trans]actions and services while you are our client." [Doc. 1-13 at 10]. Mr. Daley has not directed the Court to any evidence that would undermine the over-arching and controlling role of the Client Relationship Agreement.

Accordingly, the undersigned finds that this allegation of error is not well-taken. The undersigned finds that Mr. Daley engaged in an extension of credit by subjecting his IRA to a lien through the Client Relationship Agreement.

### B. Did the Bankruptcy Court Err in Holding that Mr. Daley is a "Disqualified Person"?

In presenting his second argument, Mr. Daley reviews the Bankruptcy Court's decision including its conclusion that the Client Relationship Agreement contained a lien pledge of the IRA that is a prohibited under 26 U.S.C. § 4975(c) and that as a result 26 U.S.C. § 408 then disqualified the account from exemption. [Doc. 5 at 11-12]. Mr. Daley then argues that the portion of the Client Relationship Agreement that were cited as the basis for the lien did not apply to the IRA account held by Mr. Daley. He makes little mention of the "disqualified person" status.

The Trustee responds that the issue of whether Mr. Daley was a "disqualified person" is decided under 26 U.S.C. § 4975(e)(2)(A). It is not related to the I.R.S. letter of qualification, as argued by Mr. Daley. [Doc. 6 at 11]. The Trustee argues that any qualification was lost when the prohibited transaction occurred. [Doc. 6 at 11]. The Trustee maintains that the Bankruptcy Court correctly held that Mr. Daley, as owner of the self-directed IRA – and therefore, its fiduciary – was a "disqualified person" under 26 U.S.C. § 4975(e)(2)(A), who granted a lien to Merrill Lynch regarding his IRA account. [Doc. 6 at 11].

In his statement of issues, Mr. Daley identifies his second issue as whether Mr. Daley is a "disqualified person," within the scope of 26 U.S.C. § 4975(c)(1)(B). In his brief, Mr. Daley does not, however, discuss either 26 U.S.C. § 4975(c)(1)(B) or the definition of a "disqualified person" as found in 26 U.S.C. § 4975(e)(2)(A). Instead, Mr. Daley reargued the applicability of the Client Relationship Agreement, which the undersigned has and will address at length in Parts IV A, C, and D of this Report and Recommendation. There is no evidence before the Court indicating that the Bankruptcy Court erred in its determination that Mr. Daley was a disqualified person under 26 U.S.C. § 4975.

8

Case 3:11-cv-00565   Document 8   Filed 08/08/12   Page 8 of 13   PageID #: 355

Accordingly, the undersigned finds that this allegation of error is not well-taken. The undersigned finds that Mr. Daley, as owner of the self-directed IRA – and therefore, its fiduciary – was a "disqualified person" under 26 U.S.C. § 4975(e)(2)(A), who subjected his IRA to a lien by Merrill Lynch.

**C.     Did the Bankruptcy Court Err in Holding that the Trustee Overcame the Presumption of Exemption Pursuant to 11 U.S.C 522(b)(4)(A)?**

Mr. Daley further argues that the Bankruptcy Court erred by finding that the Trustee overcame the presumption of exemption under 11 U.S.C. 522(b)(4)(A) based on a technicality. Mr. Daley argues that the presumption, which attached because the IRS had issued a qualification letter, has not been overcome by the Trustee. [Doc. 5 at 14]. Mr. Daley asserts, "No other factor cited by the Trial Court can overcome the weight of the presumption because Congress only made one factual requirement for the presumption to apply and that was that the IRS determination letter was in 'effect' at the time of the filing the petition where the funds were located." [Doc. 5 at 14]. Mr. Daley concludes, "The strong presumption created by the 2005 amendments to 11 U.S.C. § 522(b)(3)(C)(4) of the Bankruptcy Code cannot be ignored and the IRA in this case should be exempt under 11 U.S.C. § 522(c)(3) or [Tennessee Code Annotated] § 26-2-105(b)." [Doc. 5 at 14-15].

The Trustee responds that, despite the presumption, an IRA that has been engaged in a prohibited transaction under 26 U.S.C. § 4975(c)(1)(B) will no longer be tax exempt under 26 U.S.C. § 408 and no longer has the status of an IRA under 26 U.S.C. § 408(e). The Trustee maintains that the Bankruptcy Court concluded that the Trustee offered proof sufficient to rebut the presumption of exemption contained in § 522(b)(4)(A).

Pursuant to 11 U.S.C. § 522(b)(4)(A), "If the retirement funds are in a retirement fund that has received a favorable determination under section 7805 of the Internal Revenue Code of

9

1986, and that determination is in effect as of the date of the filing of the petition in a case under this title, those funds shall be presumed to be exempt from the estate." A presumption, by its very nature, may be overcome. It is not an unbending rule. Congress in drafting this provision included the words "be presumed to," rather than stating that "those funds shall be exempt from the estate." This drafting and the plain language of the statute indicate that, contrary to Mr. Daley's position, the presumption may be overcome.

In this case, the IRA lost its § 408 qualification because of the prohibited transaction of an extension of credit subjecting the moneys to a lien. The letter from the IRS on which the presumption itself is based says "this letter does not express any opinion as to the applicability of Code section 4975, regarding prohibited transactions." [Doc. 1-13 at 43]. The evidence in the record supported finding that the presumption had been overcome.

Accordingly, the undersigned finds that this allegation of error is not well-taken. The undersigned finds that the evidence in the record undermined the presumption of exemption placed on Mr. Daley's IRA account pursuant to 11 U.S.C. § 522(b)(4)(A).

**C.     Did the Bankruptcy Court Err in Holding that the Trustee Overcame the Presumption of Exemption Pursuant to 11 U.S.C § 522(b)(4)(B)?**

Mr. Daley also argues that the Bankruptcy Court erred by holding that his IRA did not fall under the safe harbor provision of 11 U.S.C. § 522(b)(4)(B). He argues that congressional intent was to "rescue" persons, like himself, who had assumed that they were depositing into a qualified IRA account. [Doc. 5 at 13]. Mr. Daley acknowledges that the § 522(b)(4)(B)'s plain language would preclude its application to the IRA at issue in this case, but he argues that congressional intent would have been to save this IRA because the "prohibited transaction" in this case was minor. [Doc. 5 at 14].

The Trustee responds that 11 U.S.C. § 522(b)(4)(B) specifically applies only to "retirement funds [that] are in a retirement fund that has not received a favorable determination under such section 7805." [Doc. 6 at 14]. The Trustee maintains that the Bankruptcy Court correctly held that "[11 U.S.C. § 522(b)(4)(B)] cannot benefit the Debtor because it applies only to a retirement fund that has not received a favorable determination under section 7805." [Doc. 1-20 at 16]. In regard to congressional intent, the Trustee contends that prohibited transactions are simply prohibited, and "[g]ood intentions and pure heart are no defense." [Doc. 6 at 14 (citing Leib v. Comm'r, 88 T.C. 1474, 1481 (1987))].

"As in all cases involving statutory interpretation, [the Court looks] first to the language of the statute itself." Hughey v. United States, 495 U.S. 411, (1990) (citing Landreth Timber Co. v. Landreth, 471 U.S. 681, 685 (1985)). The statute directs that § 522(b)(4)(B) applies "[i]f the retirement funds are in a retirement fund that has not received a favorable determination under such section 7805 . . . ." In this case, it has been stipulated and agreed that the IRA received a favorable determination under section 7805. [See Doc. 1-13 at 43; Doc. 1-13 at ¶ 5]. Thus, the plain language of § 522(b)(4)(B) precludes its application to the IRA in the instant case.

Mr. Daley argues that congressional intent requires a different result. In this case, Mr. Daley has failed to cite the Court to any evidence of legislative intent. He instead states what he believes was Congress's intent and does not cite any portion of the legislative debates, drafting history, or notes that would support his belief as to Congress's intent. The Court is disinclined to rely simply on Mr. Daley and counsel's interpretation of and believe about Congress's intent.

Nonetheless, as the Court of Appeals for the Sixth Circuit has noted, "Reliance on the literal language of the statute is not justified if it leads to an interpretation which is inconsistent with the legislative intent or to an absurd result." 84 Video/Newsstand, Inc. v. Sartini, 455 Fed. App'x 541, 563 (6th Cir. 2011) (citing Appleton v. First Nat'l Bank of Ohio, 62 F.3d 791, 801

11

(6th Cir.1995)). The Court has considered whether a facial reading of the statute itself will result in an absurd result or an interpretation which is inconsistent with the legislative intent, and the undersigned finds that it will not. Section 522(b)(4)(B) protects persons who have invested in funds without a favorable decision having been obtained. Mr. Daley's IRA simply does not fall within this category. Instead, his IRA falls under § 522(b)(4)(A) and it would have been entitled to exemption had the Client Services Agreement not subjected the investments in the IRA to a lien.

Accordingly, the undersigned finds that this allegation of error is not well-taken. The undersigned finds that the evidence in the record does not support a finding that 11 U.S.C. § 522(b)(4)(B) applies to the IRA or would allow the exemption of the IRA from the bankruptcy estate.

**E.  Did the Bankruptcy Court Err in Holding that the IRA Was Not Exempt Pursuant to 11 U.S.C. § 522(b)(3)(C) or Tennessee Code Annotated § 26-2-105(b)?**

Finally, Mr. Daley argues that the Bankruptcy Court erred in holding that the IRA was not exempt under 11 U.S.C. § 522(b)(3)(C) or Tennessee Code Annotated § 26-2-105(b).

The Trustee maintains that the loss of tax exemption under 26 U.S.C. § 408 causes the funds in the Merrill Lynch IRA account to no longer meet the exemption requirements under 11 U.S.C. § 522(b)(3)(C) or Tennessee Code Annotated § 26-2-105(b). [Doc. 15 at 6]. Therefore, she argues the Bankruptcy Court correctly held that the IRA account was not exempt pursuant to 11 U.S.C. § 522(b)(3)(C) and Tennessee Code Annotated § 26-2-105(b). [Id.]

Under both Tennessee Code Annotated § 26-2-105 and 11 U.S.C. § 522(b)(3)(C), the retirement plan must be qualified under 26 U.S.C. § 408 in order to be exempt from the bankruptcy estate. As stated above, Mr. Daley's IRA lost its § 408 qualification because of the prohibited transaction. The Court finds that, therefore, the IRA could not be exempted from the

bankruptcy estate under either Tennessee Code Annotated § 26-2-105 and 11 U.S.C. § 522(b)(3)(C).

## V.     CONCLUSION

Based on the foregoing, the undersigned concludes that Mr. Daley's claim of exemption of the $61,646.00 in his Merrill Lynch IRA must be disallowed, and the funds in the IRA should be included as part of Mr. Daley's Chapter 7 bankruptcy estate under 11 U.S.C. § 541. The undersigned **RECOMMENDS**[1] that the Order of the Honorable Richard Stair, Jr., United States Bankruptcy Judge, be **AFFIRMED**.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).