UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN RE: JAMES L. DALEY, JR., ) | |
| ) | |
| Debtor, ) | |
| _____ ) | |
| ) | |
| JAMES L. DALEY, JR., ) | |
| ) | |
| Plaintiff/Appellant, ) | |
| ) | |
| v. ) | No.: 3:11-CV-565 |
| ) | (VARLAN/SHIRLEY) |
| ANN MOSTOLLER, TRUSTEE, ) | |
| ) | |
| Defendant/Appellee. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation (the "R&R") entered by U.S. Magistrate Judge C. Clifford Shirley [Doc. 8], in which Judge Shirley recommended that the decision of the Honorable Richard Stair, Jr., U.S. Bankruptcy Judge, be affirmed. Appellant, James L. Daley, Jr., has filed objections [Doc. 9] to the R&R. Appellee-trustee, Ann Mostoller, filed a response to the objections [Doc. 10]. For the reasons given herein, appellant's objections to the R&R will be **OVERRULED**, the R&R will be **AFFIRMED**, and the decision of U.S. Bankruptcy Judge Stair will be **AFFIRMED**.

I.      **Standard of Review**

The Court conducts a *de novo* review of the portions of the magistrate judge's report and recommendation to which a party objects unless the objections are frivolous,

conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II. Analysis

### A. Relevant Facts and Background

This appeal arises from a voluntary petition for Chapter 7 bankruptcy filed by appellant in August 2010 [Doc. 1-1]. As Magistrate Judge Shirley noted in adopting the Bankruptcy Court's findings of fact, neither party to this action has objected to those factual findings. Accordingly and because the instant objections do not include challenges to the previous factual findings, the Court adopts and incorporates them into this ruling. The Bankruptcy Court's findings of fact, as adopted by the magistrate judge, are as follows:

> The Debtor filed the Voluntary Petition commencing his bankruptcy case under Chapter 7 on August 25, 2010. At that time, he held an interest in a Merrill Lynch IRA, account number [xxxx]4488, which he valued in his Schedule B at $61,646.00 and which he claimed exempt on his Schedule C, as amended on June 14, 2011. In establishing the Merrill Lynch IRA, the Debtor executed a Merrill Lynch Client Relationship Agreement on May 16, 2008, completing the section of the Client Relationship Agreement entitled "For SEP/Simple Account Only" and designating the Account Type as a rollover. Per a determination letter from the Internal Revenue Service dated September 23, 2003, the Merrill Lynch IRA "satisfies the requirements of Code section 408[.]"

2

> The Merrill Lynch IRA is the only account applied for by the Debtor on May 16, 2008, and is the only account that he holds with Merrill Lynch. The Debtor did not fill out the section of the Client Relationship Agreement entitled "Accounts: CMA, Beyond Banking, CMA SubAccount, or IIA" and did not check any of the "Decline Margin Lending" boxes included within the Accounts section of the Merrill Lynch Client Relationship Agreement. Similarly, he did not complete the section entitled "UTMA or UGMA." The Debtor has never borrowed any funds from the Merrill Lynch IRA, which is self-directed, nor has he ever requested advancement of a margin loan against his funds.

[Doc. 8, pp. 2-3 (quoting Doc. 1-20)].

As stated above, when appellant filed his petition for Chapter 7 bankruptcy, he listed a "Merrill Lynch IRA Account" in the amount of $61,646.00 as an exemption from the property included in his bankruptcy estate under Tenn. Code Ann. § 26-2-105 and 11 U.S.C. § 533(b)(3)(C). Appellee-trustee filed an objection to appellant's claim of exemption for the Merrill Lynch IRA (the "IRA") under Tenn. Code Ann. § 26-2-111(1)(D) [Doc. 1-2].

To be exempt from a bankruptcy estate under Tenn. Code Ann. § 26-2-105(b) or 11 U.S.C. § 522(b)(3)(C), a retirement plan must qualify under 26 U.S.C. § 408, which provides:

> If, during any taxable year of the individual for whose benefit any individual retirement account is established, that individual or his beneficiary engages in any transaction prohibited by section 4975 with respect to such account, such account ceases to be an individual retirement account as of the first day of such taxable year.

26 U.S.C. § 408(e)(1). A "prohibited transaction" includes the "lending of money or other extension of credit between a plan and a disqualified person." 26 U.S.C. §

3

4975(c)(1)(B). A "fiduciary" is a "disqualified person" under 26 U.S.C. § 4975(e)(2)(A), and a "fiduciary" is defined in part as someone who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 26 U.S.C. § 4975(e)(3)(A).

Additionally, at particular issue in this appeal is 11 U.S.C. § 522(b)(4), which provides:

> (A) If the retirement funds are in a retirement fund that has received a favorable determination under section 7805 of the Internal Revenue Code of 1986, and that determination is in effect as of the date of the filing of the petition in a case under this title, those funds shall be presumed to be exempt from the estate.
>
> (B) If the retirement funds are in a retirement fund that has not received a favorable determination under section 7805, those funds are exempt from the estate if the debtor demonstrates that--
>
> (i) no prior determination to the contrary has been made by a court or the Internal Revenue Service; and
>
> (ii)(I) the retirement fund is in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986; or
>
> (II) the retirement fund fails to be in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986 and the debtor is not materially responsible for that failure.

11 U.S.C. § 522(b)(4).

The Bankruptcy Court determined, and Magistrate Judge Shirley agreed, that appellant was a disqualified person because he engaged in a prohibited transaction when he exercised discretionary authority over the IRA by executing the Client Relationship

4

Agreement subjecting the IRA to a lien by Merrill Lynch, thereby rendering the IRA not qualified under 26 U.S.C. § 408 and not entitled to exemption under Tenn. Code Ann. § 26-2-105(b) or 11 U.S.C. § 522(b)(3)(C) [Doc. 1-20; Doc. 8].

### B. The R&R and Appellant's Objections

In the R&R, Magistrate Judge Shirley recommended that the Bankruptcy Court's finding that the IRA was not exempt from the bankruptcy estate for purposes of his Chapter 7 bankruptcy be affirmed. Tracking the issues presented on appeal, the magistrate judge determined the Bankruptcy Court did not err in holding that: (1) appellant pledged the IRA as security pursuant to the Client Relationship Agreement; (2) appellant is a "disqualified person;" (3) appellee-trustee overcame the presumption of exemption pursuant to 11 U.S.C. § 522(b)(4)(A); (4) the safe harbor provision of 11 U.S.C. § 522(b)(4)(B) does not apply to the IRA; and (5) the IRA was not exempt pursuant to 11 U.S.C. § 522(b)(3)(C) or Tenn. Code Ann. § 26-2-105(b) [Doc. 12, pp. 6-13]. Appellant objects to each of these findings, and the Court will address the objections in turn.

#### 1. Application of the Client Relationship Agreement

Magistrate Judge Shirley first considered and rejected appellant's argument that the Disclosure and Custodial Agreement [Doc. 1-13], rather than the Client Relationship Agreement, controlled the terms of the IRA and his agreement with Merrill Lynch, and did not include any prohibited transactions [Doc. 8, pp. 6-7]. After examining both the Disclosure and Custodial Agreement and the Client Relationship Agreement, the

5

magistrate judge determined the fact that appellant had "specifically endorsed the Client Relationship Agreement," thus acknowledging the terms and conditions between the parties, "indicates that this document was meant to govern the parties' relationship." [Doc. 8, p. 7]. While acknowledging that the Disclosure and Custodial Agreement is longer and more specific than the Client Relationship Agreement, Magistrate Judge Shirley highlighted a provision of the latter agreement, stating that by agreeing to the terms of the Client Relationship Agreement, appellant was "agreeing that its terms apply to all your accounts [trans]actions and services while you are our client," and determined that it controlled in this situation [Doc. 8, p. 7 (quoting Doc. 1-13, p. 10)].

Appellant objects to this finding, again arguing that "[t]he IRA was exclusively governed by the 'Disclosure and Custodial Agreement,'" which he claims dealt with the IRA account specifically at issue [Doc. 9, p. 2]. Appellant points to the provision stating that the Disclosure and Custodial Agreement "governs your individual Retirement Account ("IRA") of which Merrill Lynch is the Custodian," to show that the custodial agreement essentially cancels out the Client Relationship Agreement provisions pledging a lien against the IRA [Doc. 9, p. 2 (quoting Doc. 1-14, p. 30)].

After a review of the agreements in question and the record as a whole, the Court does not find that the specificity of the Disclosure and Custodial Agreement "overrides" the express provisions of the Client Relationship Agreement signed by appellant and pledging a lien against the IRA in favor of Merrill Lynch. Appellant has offered no

6

evidence to support his argument that the Client Relationship Agreement that he signed should be disregarded as it relates to his account with Merrill Lynch. The text of the agreement itself instructs that its terms were to apply to all of his accounts with Merrill Lynch, and the Court finds no indication in the record that one agreement was intended to trump the other. Thus, the Court finds that Magistrate Judge Shirley properly concluded that the Client Relationship Agreement and its lien provision applied to appellant's IRA and overrules appellant's objection to that finding.

**2. Disqualified Person**

Magistrate Judge Shirley next addressed appellant's argument that the provision of the Client Relationship Agreement pledging a lien against the IRA did not apply to his type of account, meaning that he did not engage in a "prohibited transaction" and his account was thus not disqualified. This argument seems to lead to his conclusion that he is not a "disqualified person" [Doc. 8, pp. 7-8]. In determining that no evidence exists that the Bankruptcy Court erred in finding that appellant is a disqualified person for purposes of 26 U.S.C. § 4975, the R&R notes that while appellant lists the second issue in his appeal as whether he is a "disqualified person," he does not discuss 26 U.S.C. § 4975(c)(1)(B) or the definition of a disqualified person found in 26 U.S.C. § 4975(e)(2)(A).

In his objections [Doc. 9], appellant again labels his second objection as one objecting to his status as a "disqualified person" but once more focuses on the applicability of the Client Relationship Agreement and its provisions to the IRA. He

clarifies that this argument applies because if no lien was pledged to his IRA then no "prohibited transaction" has occurred for the purposes of 26 U.S.C. § 4975(c), his IRA is not disqualified from exemption under 26 U.S.C. § 408, and he cannot be a "disqualified person." He claims that the magistrate judge and Bankruptcy Court's reliance on his having signed the Client Relationship Agreement in determining that he pledged a lien against the IRA was in error, as he argues that the Disclosure and Custodial Agreement set up his IRA and "is a self contained agreement and not subject to the terms of the Client Relationship Agreement" [Doc. 9, p. 3].

The Court has already found that the terms of the Client Relationship Agreement applied to the IRA and that appellant has put forth no evidence to the contrary. In making this finding, the Court does not find that the Disclosure and Custodial Agreement is in applicable to the IRA, but rather that both agreements apply. Because the Court has found that Magistrate Judge Shirley correctly determined that the terms of the Client Relationship Agreement signed by appellant applied to appellant's IRA, pledging a lien amounting to a "prohibited transaction" and rendering the IRA not qualified for exemption under § 408, the Court finds that the magistrate judge properly concluded that appellant is a "disqualified person" for purposes of 26 U.S.C. § 4975(c)(1)(B).

### 3. Section 408 Presumption of Exemption

The magistrate judge next addressed appellant's argument that the Bankruptcy Court incorrectly found that appellee-trustee overcame the presumption of exemption under 11 U.S.C. 522(b)(4)(A), which attached upon the issuance of the IRS determination

8

letter [Doc. 8, pp. 9-10; Doc. 1-14, pp. 43-44]. Magistrate Judge Shirley rejected appellant's apparent position that presumptions are rules that may not be overcome. The magistrate judge found, as the Bankruptcy Court did, that the evidence of record supports a finding that the presumption of exemption created by the determination letter was overcome, and the IRA lost its status under § 408, when the prohibited transaction occurred subjecting the IRA to a lien. Additionally, the R&R points out that the IRS qualification letter states , "this letter does not express any opinion as to the applicability of Code section 4975, regarding prohibited transactions" [Doc. 1-14, p. 43].

In his objections, appellant again advances the argument that the Bankruptcy Court erred in finding appellee-trustee had overcome the presumption that the IRA was exempt in this case and in doing so, seemingly argues that an IRA, which has received a favorable determination under § 408 is required to be exempt from the bankruptcy estate. Rather than putting forth evidence that appellee-trustee did not properly rebut the presumption created by the issuance of the IRS determination letter, appellant focuses on the fact that he believes the determination letter is still "in effect," because the IRS has not issued a revocation letter [Doc. 9, p. 4].

Appellee-trustee responds that the IRS is unaware of the prohibited transaction and has not officially revoked the determination letter because the IRA has not requested a new IRS determination letter since the issuance of the 2003 letter [Doc. 10, p. 2]. Appellee-trustee further points out that the determination letter's text provides: "'Each individual who adopts this approved prototype will be considered to have an IRA that

9

satisfies the requirement of Code section 408 [*as to form*], provided the individual . . . does not engage in certain transactions specified in Code section 408(e) . . . .'" [Doc. 10, p. 2 (quoting Doc. 1-14, p. 43 (emphasis and text added))]. Here, appellant engaged in a prohibited transaction, as contemplated in § 408(e).

While the Court recognizes that the IRS determination letter issued in 2003 gave rise to a presumption of exemption under § 522(b)(4)(B), the Court agrees with the R&R that the Bankruptcy Court properly found appellee-trustee overcame the presumption in this case. As mentioned in the R&R and in appellee-trustee's response to appellant's objections, the text of the IRS determination letter itself indicates that the favorable determination given by the IRS did not remove the § 408 requirement that a prohibited transaction involving the IRA not occur. The Court has found that appellant engaged in a prohibited transaction by subjecting the IRA to a lien, leaving the IRA no longer exempt. Accordingly, the Court agrees with Magistrate Judge Shirley that the record supports a finding that the presumption of exemption has been overcome.

### 4. Application of 11 U.S.C. § 522(b)(4)(B)

The magistrate judge next addressed appellant's argument that the Bankruptcy Court erred in agreeing with appellee-trustee that the safe harbor provision of 11 U.S.C. § 522(b)(4)(B) does not apply to the IRA, because the provision only applies to a retirement fund that has not received a favorable determination from the IRS [Doc. 8, pp. 10-12]. Looking at the plain language of the statute and considering whether a facial reading produces an absurd result, and rejecting appellant's unsupported argument related

to Congressional intent, Magistrate Judge Shirley agreed with the Bankruptcy Court. In doing so, he found that "[appellant's] IRA simply does not fall within [the § 522(b)(4)(B)] category;" "[i]nstead, his IRA falls under § 522(b)(4)(A) and it would have been entitled to exemption had the Client Services Agreement not subjected the investments in the IRA to a lien" [*Id.*, p. 12].

Appellant objects and contends that the Bankruptcy Court and the magistrate judge's reading of the applicability of § 522(b)(4)(B) produces an absurd result and that the existence of alternate ways to exempt IRA accounts under the Bankruptcy Code shows Congress's "strong intention" to exempt retirement and IRA accounts. Appellee-trustee responds that appellant's argument is misleading in that the referenced section of the Code "does not provide an automatic presumed exemption for funds that are in a retirement fund that has not received a favorable determination" and instead "requires the debtor to demonstrate that the debtor is not materially responsible for the failure of the retirement fund to be in substantial compliance with the [necessary] requirements . . . ." [Doc. 10, pp. 3-4]. Appellee-trustee points out that appellant entered into a prohibited transaction, making him materially responsible for the failure of the IRA to comply with the requirements of the Code and rendering the IRA not exempt under 11 U.S.C. § 522(b)(4)(B).

The Court agrees with Magistrate Judge Shirley's finding that a facial reading of § 522(b)(4)(B) does not produce an absurd result or an interpretation inconsistent with legislative intent. *See Appleton v. First Nat'l Bank of Ohio*, 62 F.3d 791, 801 (6th Cir.

1995). The Court finds no error in the magistrate judge and Bankruptcy Court's findings that the IRA falls under § 522(b)(4)(A), for retirement funds having received a favorable determination letter, which was arguably still in effect at the time. Section 522(b)(4)(B) covers retirement funds, which have not received favorable determination from the IRS, and appellant's IRA does not fall within this category. The Court also agrees with appellee-trustee that even if the IRA could be considered under § 522(b)(4)(B), it would not be exempt because exemption under § 522(b)(4)(B)(ii)(II) requires that if an IRA is not in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986, "the debtor is not materially responsible for that failure." Here, having signed the Client Relationship Agreement, appellant is materially responsible for the failure of the IRA to meet the requirement that it not engage in a prohibited transaction.

Accordingly, the Court rejects appellant's objection that Congress intended IRA's like his to be exempt and agrees with the magistrate judge's finding that § 522(b)(4)(B) does not apply to save the IRA and allow it exemption from the bankruptcy estate.

**5. Exemption Under 11 U.S.C. § 522(b)(3)(C) or T. C. A. § 26-2-105(b)**

Finally, appellant objects to Magistrate Judge Shirley's finding [Doc. 8, pp. 12-13] that the Bankruptcy Court correctly determined that the IRA was not exempt under 11 U.S.C. § 522(b)(3)(C) or Tenn. Code Ann. § 26-2-105(b), after it lost its § 408 qualification as a result of the prohibited transaction. The magistrate judge found that both 11 U.S.C. § 522(b)(3)(C) and Tenn. Code Ann. § 26-2-105(b) require that a retirement plan be qualified under § 408 to be exempt from the bankruptcy estate and

12

reiterated his finding that appellant's IRA lost its § 408 qualification through the prohibited transaction, rendering the IRA unable to be exempt under either statute.

In his objections, appellant repeats his argument that the Client Relationship Agreement did not apply to his IRA and did not create a prohibited transaction. Assuming, *arguendo*, that the Court finds him to have engaged in a prohibited transaction, appellant claims that the language of 11 U.S.C. § 522(b)(4)(A) serves as another statutory mechanism to exempt his IRA from the bankruptcy estate. He claims that the statutory provision that retirement funds having received a favorable determination still in effect shall be presumed to be exempt from the bankruptcy estate overrides § 522(b)(3)(C) and requires that his IRA be exempt despite the "defect" of having engaged in a prohibited transaction [Doc. 9, pp. 6-7]. In making this argument, appellant again focuses on the inclusion of "shall," rather than the word "presumed" in § 522(b)(4)(A), and appears to contend that the statutory provision at issue creates a requirement rather than a presumption capable of rebuttal.

The Court agrees with Magistrate Judge Shirley's finding that the IRA lost § 408 qualification as a result of the prohibited transaction making the IRA not exempt under 11 U.S.C. § 522(b)(3)(C) or Tenn. Code Ann. § 26-2-105(b). The Court has already found that the IRA funds were no longer exempt as a result of the prohibited transaction. While the determination letter may not have been revoked, the letter provides that in making the favorable determination, the IRS was not opining as to the requirement not to engage in prohibited transactions contained in § 4975 [Doc. 1-14, p. 43]. The letter also

13

indicates that the issuance of the favorable determination did not override that requirement [*Id.*]. Moreover, because the Court has found that the magistrate judge was correct in his finding that the Bankruptcy Court properly determined the presumption of exemption was rebutted by appellee-trustee, appellant's instant objection must fail as it advances essentially the same argument.

### III. Conclusion

For the reasons stated herein and after careful review of the matter, the Court is in agreement with Magistrate Judge Shirley's recommendations, which the Court adopts and incorporates into its ruling. Accordingly, appellant's objections [Doc. 9] are **OVERRULED**, the R&R [Doc. 8] is **ACCEPTED IN WHOLE**, and the Bankruptcy Court is **AFFIRMED**. The appeal of this matter is **DISMISSED**.

IT IS SO ORDERED.

                                    s/ Thomas A. Varlan
                                    UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

    s/ Debra C. Poplin
    CLERK OF COURT

14